360

[Civ. No. 8682.   Third Dist.   Jan. 9, 1956.]

MAUDE WRIGHT et al., Respondents, v. EMMETT LEE TATE et al., Appellants.

Otto Adolph Pahl, in pro. per., for Appellants.

Huberty & Huberty for Respondents.

SCHOTTKY, J.—Plaintiffs commenced an action against defendants for damages and to enjoin defendants from committing further acts of trespass.  The complaint alleged that plaintiffs were the owners in fee simple of certain real property in Calaveras County, except as to minerals and mineral rights in one 160-acre parcel thereof.  The complaint alleged further that the defendants committed various acts of trespass, including the removal of a fence and the opening of gates, thereby permitting livestock owned by plaintiffs to escape.

Defendants, then represented by counsel, filed a general demurrer to the complaint, which was overruled.  Defendants then filed in propria persona an answer and cross-complaint.  The answer denied all of the material allegations of plaintiffs' complaint.  The cross-complaint alleged ownership in defendants of the 160-acre parcel of the property which is described in plaintiffs' complaint; further alleged that plain-

tiffs have caused this property to be grazed and depastured; and prayed for damages against plaintiffs and an injunction against them, prohibiting their use of property claimed by defendants. Plaintiffs filed an answer denying the allegations of the cross-complaint except for an admission to the effect that defendants were the owners of minerals and mineral deposits in and to the 160-acre parcel.

The action was tried before the court, sitting without a jury, plaintiffs being represented by counsel and defendants appearing in propria persona. The trial court found that the plaintiffs were the owners of the property as described by them in their complaint, subject to the right of the defendants to use trees and timbers from the 160-acre parcel in their mining operations; that the defendants had committed certain acts of trespass, as alleged in plaintiffs' complaint; that they would continue them unless restrained by the court; and that the plaintiffs were entitled to damages in the amount of $625.

Judgment was entered in favor of plaintiffs, in accordance with these findings, awarding such damages and enjoining defendants from disturbing the possession of plaintiffs in and to the property.

Defendants have appealed from the judgment and appellant Pahl has filed an opening brief and a closing brief in propria persona, it being stated in the opening brief that appellant Tate died after the filing of the appeal. Both the opening and closing briefs of appellants appear to be based upon a complete misconception of the applicable law and are devoted principally to abuse of respondents, their relatives, their attorneys and courts and public officials generally. The language of the briefs is so intemperate that if they were filed by a member of the bar they would be stricken from the files.

We have read the record carefully and it appears that the trial judge conducted the trial in such a manner as to afford appellants every opportunity to bring out all facts favorable to their case. It appears also that the only question presented upon this appeal is as to the ownership of the 160-acre parcel designated Parcel One in plaintiffs' complaint. The plaintiffs claim ownership except for the minerals and the defendants claim that they have an entire ownership in the property, both as to the minerals and surface rights.

The plaintiffs showed a deraignment of title to themselves in and to the property in question by the introduction of

conveyances, commencing with a patent by the United States to Thomas H. Somers, one of their predecessors in interest.

Defendants relied upon certain instruments which conveyed to them the right to all minerals found on said land, ''together with the mineral and mining rights, timber and water appertaining and pertaining to the need and values of the mining rights and belonging to the above aforesaid two hundred (200) acres of land.''

It is apparent from statements made by appellants at the trial and upon this appeal that appellants are under the impression that their right to mine for minerals upon said land (which right is not disputed either by respondents or by the judgment appealed from) gives them the exclusive right to the surface of said land and that they can exclude respondent owners of the fee from any agricultural, grazing or pasturage rights therein.

It is clear from the documentary and other evidence that there is ample evidence to support the findings of the trial court that respondents were the owners in fee of said land, subject to the mineral rights of appellants; that appellants had committed the acts of trespass alleged in the complaint to respondents' damage in the sum of $625; and that respondents are the owners of the trees, timber, grass, grain, hay and other pasturage upon the property, together with the right to pasture their cattle thereon, and said ownership is subject only to the right of defendants to use trees and timber in their mining operations upon the property.

Appellants' appeal is entirely devoid of merit as it is based upon appellants' contention that they are entitled to the exclusive right to the surface of said land. All that appellants have, or ever had, is the right to search for minerals and conduct mining operations on said land, and this right is not disputed by respondents, and the court in its judgment protected the rights of appellants. In view of the lack of merit in appellants' contentions it is understandable why appellants were, as testified to by appellant Pahl, unable to persuade any attorney at law to represent them.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.